# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY PROVENZALE, | CASE NO. 4:10cv2373 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OF OPINION AND ORDER |
| DEPARTMENT OF JUSTICE, et al, | |
| DEFENDANTS. | |

*Pro se* plaintiff Anthony Provenzale filed this *Bivens*[1] action in the United States District Court for the Eastern District of North Carolina against the Department of Justice ("DOJ"), the Federal Bureau of Prisons ("BOP"), the Elkton Federal Correctional Institution ("FCI Elkton"), FCI Elkton Warden J. Shartle, FCI Elkton Unit Manager Ms. Burns, FCI Elkton Case Manager Ms. Morse, FCI Elkton Counselor Mr. Steiner, the Low Security Correctional Institution in Butner, North Carolina ("LSCI Butner"), and LSCI Butner Warden Tracy Johns. The Eastern District of North Carolina dismissed the claims against LSCI Butner and Tracy Johns, and transferred the claims against the remaining Defendants to the Northern District of Ohio.

## Background

Mr. Provenzale self surrendered at FCI Elkton on March 13, 2007. He

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

alleges he made the staff aware of his numerous medical conditions, including diabetes, heart disease, lung damage, neurological problems, depression, and anxiety attacks. He claims, without explanation, that he did not receive proper medical care from March 2007 until December 2008. On December 8, 2008, he filed an unspecified administrative remedy form requesting transfer to a Residential Re-entry program (halfway house) or home detention. His request was denied by the BOP. He was transferred to LSCI Butner on July 23, 2009.

Although Mr. Provenzale places three counts for relief in his Complaint, he asserts four causes of action. He asserts that the Defendants violated his Eighth Amendment rights, provided negligent medical care, committed the tort of Intentional Infliction of Emotional Distress, and denied him due process by refusing his request for placement in a halfway house or release to home detention. He seeks monetary damages.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

As an initial matter, the DOJ, the BOP, and FCI Elkton are not proper parties to a *Bivens* action. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. *McGinness v. U.S. Internal Revenue Service*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957). The United States has not waived its sovereign immunity for *Bivens* claims asserted against the United States government, its agencies or its employees in their official capacities. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *see also Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003) (stating that a federal prisoner cannot bring a *Bivens* action against the Bureau of Prisons). The DOJ, the BOP, and FCI Elkton are all agencies or institutions of the United States government. The *Bivens* claims against them must therefore be dismissed.

In addition, while a *Bivens* action can be filed against individual federal defendants, Mr. Provenzale must allege that the individual defendant was personally involved in the alleged deprivation of his constitutional rights. *See Nwaebo v. Hawk-Sawyer*, No. 03-3801, 2003 WL 22905316, at * 1 (6th Cir. Nov. 28, 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)); *Kesterson v. Fed. Bureau of Prisons*, No. 02-5630, 2003 WL 1795886, at * 1

(6th Cir. April 2, 2003); *Mueller v. Gallina*, 311 F.Supp.2d 606, 608 (E.D.Mich. 2004); *see also Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (to be subject to *Bivens* liability, a defendant must have had "direct, personal participation" in the constitutional violation). Mr. Provenzale asserts he was denied proper medical care. There is no indication in the Complaint that Warden Shartle, Unit Manager Ms. Burns, Case Manager Ms. Morse, or Counselor Mr. Steiner were personally involved in Mr. Provenzale's medical care, or the decision to deny his release to a halfway house or to home detention.

Moreover, even if Mr. Provenzale had alleged that the individual defendants were personally involved, he cannot base these claims on the torts of Negligence and Intentional Infliction of Emotion Distress. To state a *Bivens* claim, the plaintiff bears the burden of alleging facts to suggest that the individual federal defendants acted with the intent to deprive him of his Constitutional rights. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Negligence or other state law torts, alone, will not support a *Bivens* claim.

Mr. Provenzale fails to state a claim for relief under the Fifth Amendment. He claims the refusal to grant his release to a halfway house or home detention was a denial of due process. As the first step in any due process inquiry, Mr. Provenzale must show he has a protected liberty interest in being granted release to a halfway house or home detention. The Supreme Court has stated, "[t]o have a [liberty] interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). A prisoner, however,

4

has no constitutionally-protected liberty interest in being transferred to a halfway house. *Porter v. Soice*, 24 Fed. App'x 384, 386-87 (6th Cir. 2001); *see Asquith v. Dep't of Corr.*, 186 F.3d 407, 410-11 (3d Cir. 1999); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996); *Brennan v. Cunningham*, 813 F.2d 1, 5-6 (1st Cir. 1987). Moreover, Mr. Provenzale does not have a state-created liberty interest in such a transfer because remaining in prison rather than going to a halfway house does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Asquith*, 186 F.3d at 412 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). There can be no denial of due process if there was no deprivation of a protected liberty or property interest.

Finally, Mr. Provenzale has not stated an Eighth Amendment claim. He merely contends he was denied proper medical care. He does not allege any facts to explain or support this claim. It is stated solely as a legal conclusion. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* There are simply no facts in the Complaint to reasonably demonstrate Mr. Provenzale is entitled to relief under the Eighth Amendment. This claim must also be dismissed.

**Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: February 18, 2011

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.